Maryland Casualty Company *v.* Waggoner. ·

4-4508

Opinion delivered February 1, 1937.

*Canale, Glankler, Loch & Little,* for appellant.

*Jeff Bratton,* for appellee.

Baker, J.    Appellee sued Sol Steinberg, a brother-in-law, to recover damages on account of injuries alleged to have been suffered early in June, 1934.  It was alleged that Steinberg, while driving his automobile, in which she was riding, negligently permitted the right rear wheel to fall into a hole or ditch causing a very severe jolt or jar, by which she was so injured as to cause her, at the time, to cry out in pain.

. A short time thereafter, two or three weeks, she found herself unable to attend to her duties as an operator of a beauty parlor which she and her sister, Mrs. Steinberg, were conducting in Paragould. She visited a local doctor who taped her back and gave her some medicine.

Thereafter, without consulting the doctor, she took medicine of her own selections, but without any beneficial results.

Some time thereafter she sought the services of another physician in Paragould who after the examination and some treatment advised her to go to a specialist in Memphis.

It was, perhaps, in March, 1935, she went to Memphis and was there examined by a physician who advised her that she could not get well without an operation. The operation was an appendectomy and perhaps the diagnosis may have indicated some other troubles. A recovery from the operation, however, did not relieve her from the pain she had been suffering in her back for a considerable length of time. A visit to and an examination by another physician in Memphis disclosed a sacro-iliac sprain.

This last examination was made about a year after the time of the automobile accident. The physician who made it inquired particularly if she had suffered any kind of severe jolt or jar, or ''bump'' as she expressed it in her testimony. She advised him about the time of the automobile accident. The condition found by this last physician was attributed at once to this injury. A brace was made for her and immediately she returned from Memphis to Paragould, where she advised her brother-in-law, Sol Steinberg, of the fact that her sufferings, for more than a year, were attributable to his negligence in driving the automobile at the time the wheel was permitted to drop into the hole or ditch.

On the same day, or perhaps the day after, Steinberg was so advised that her condition was attributable to that accident, he notified the agent of the Maryland Casualty Company in Paragould and filled out and signed a written notice to that effect as directed by the agent,

who forwarded the same to the appellant. About the same time a letter was written by the appellee's attorney to Steinberg, advising him of the fact that the appellee would insist upon the payment of damages for the injuries sustained. This letter was delivered by him to the agent of the appellant at Paragould who forwarded the same to the proper offices of the appellant. Thereafter a representative of the appellant visited Paragould for the purpose of making an investigation and insisted that a non-waiver agreement be signed by Steinberg before he would make the investigation. The agreement was signed. The agent made whatever investigations he desired and left the community. Appellee, after waiting a short time, filed suit against Steinberg, who notified the appellant company of that fact, but no action was taken by the appellant, no attorney was employed and no defense made under and in accordance with the terms of the contract of indemnity.

It was evidently the view of the appellant that it was not bound under the contract of indemnity and that it would not waive its rights by assuming the defense of the suit against Steinberg.

On the other hand, Steinberg, relying upon his policy or contract that the insurance company was obligated to make defense for him and at its expense, did not employ counsel. That suit resulted in a judgment for $3,000.

Prior to the time of the trial of that case, Steinberg and his attorney visited the general offices of the appellant company at Memphis, insisting that the company should take charge of the litigation then pending. After the rendition of the judgment above mentioned, in due course, an execution was issued, but was returned unsatisfied for the reason that Steinberg had no property that could be found. It is not suggested he had any property anywhere in the state. A short time after the return of the unsatisfied execution this present suit was instituted in the Greene circuit court to recover from the appellant company the amount of the judgment rendered in favor of the appellee against Steinberg. The only substantial

defense tendered by the appellant to the last-mentioned suit was the alleged failure on the part of Steinberg to give timely notice to the insurer of the fact of the accident causing injuries to the appellee for which she sued, the first notice given by Steinberg being about thirteen months after the date of the alleged injury.

It is unnecessary to set out with any great detail the evidence in this case. Only that part of the testimony which is pertinent to the controversy here will be presented so that the issues may be clearly defined.

Parties to this proceeding have set forth with great particularity part of the policy of insurance, most of which we think not at this time really pertinent to the matter before us. The portion of the policy with which we are most concerned is a subdivision under section or paragraph VI of the policy identified as (b) and is as follows:

"Immediate written notice of any accident, like notice of any claim, and like notice of any suit resulting therefrom with every summons or other process, must be forwarded to the home office of the company, or to its authorized agent, provided, however, that failure to give such immediate notice shall not invalidate any claim made by the assured if it shall be shown not to have been reasonably possible to give such notice immediately and that notice was given as soon as was reasonably possible."

The real controversy between the parties arises out of their respective interpretations of the foregoing quoted part of the insurance contract. Appellant insists that notice given thirteen months after the accident was not "immediate notice," and the appellee insists on the last half of said paragraph beginning after the word "provided," to the effect that notice was given as soon as it was "reasonably possible" to do so after discovery of the fact that her condition and painful sufferings were attributable to the jolt, jar or "bump" at the time of the accident and that her knowledge of the condition obtained from the doctor who last examined her was communicated at once to Steinberg, who without delay made

554

report of these facts to the appellant. It may be stated that even appellant does not contend that the word "immediate" as used in the foregoing paragraph means "instantly," but that it has reference to such a period as the prevailing circumstances and conditions surrounding the incident may indicate was sufficient for an appreciation of the accident.

It may be stated further that the appellant company insists that Mrs. Waggoner knew at all times from the date of the injury that she was suffering with pain in her back and that this was attributable to the injury occurring on June 5, 1935; that Sol Steinberg married her sister the next day after the accident and that he, as a member of the family, necessarily was interested in her condition, knew of her suffering, her employment of different physicians and that he on one or two occasions took her to Memphis to see doctors there who made examinations, prescribed for her, or treated her, and that she testified at the time of the trial that she had suffered continuously since the time of the accident. It was urged that she could not rely upon the testimony of any other witness to make her case by testimony not in conformity, but perhaps in contradiction to some extent to that delivered by her, and that she is in the same position in this case with reference to the contract of insurance issued by the appellant to Steinberg that Steinberg himself occupied at the time of the trial.

It is insisted by appellee, however, that at the time of the accident she was injured to the extent that she cried out in pain, but that immediately following this accident she pursued her usual duties in operation of the beauty parlor that she had immediately prior thereto, and that it was some weeks thereafter when the pains had grown progressively worse that she visited physicians; that she did not have such knowledge or information, then or thereafter, until July, 1935, to attribute her sufferings and condition, which had grown worse, to the accident that occurred thirteen months prior.

The effect of her contention was, and ample proof was offered to sustain this theory, that she was suffering

from diseases, probably of the kidneys, possibly of female organs, which resulted in the symptomatic pains in her back, and it was for these diseases that treatment was had and medicines given.

We shall content ourselves for further discussions of this case with these somewhat elaborate statements of the controversial matters in issue.

The foregoing copied portion of the contract of insurance was a statement of the conditions upon which the appellant company contracted to be bound to Sol Steinberg. He was the party who by acceptance of the policy obligated himself to give the notice. Mrs. Waggoner, appellee, was not a party to that contract and she had a right to file her suit and prosecute it against Steinberg at any time prior to the date that it might have been barred by the statute of limitations. Her rights in regard to the insurance rose no higher than those of the insured, but she was under no obligation to give notice.

No contractual relation existed between the appellee and the insurance organization. The company's obligation to her arose not because the insured had at the time of issue made her a beneficiary in any respect.

The appellee's rights are protected under this policy by reason of § 2, act 196, of the Acts of 1927, which reads as follows:

"Whenever any policy of insurance shall be issued in this State indemnifying any person, firm or corporation against any actual money loss sustained by such person, firm or corporation for damages inflicted upon the property or person of another, such policy shall contain a provision that such injured person, or his or her personal representative, shall be subrogated to the right of the assured named in such policy, and such injured person or his or her personal representative, whether such provision be inserted in such policy or not, may maintain a direct cause of action against the insurance company issuing such policy for the amount of the policy."

If said conditions stated in the aforesaid act are not contained in the policy of insurance, the law implies,

of course, that such policies were issued with reference to the act and the legal effect is the same as if the conditions were actually and fully complied with, but that act does not require, or even imply that the judgment creditor should give any notice to the insurer of an accident.

There is no question here of the sufficiency of the notice. The only proposition about which there is any controversy is that of whether the insured gave notice as related to time substantially as required by the foregoing copied portion of the policy.

"Immediate notice" does not necessarily mean instantaneous notice. That is conceded by appellant. If the contract had no other qualifying words or terms than the words "immediate notice" we would be impelled to hold that "immediate notice" meant notice within a reasonable time under all the facts, circumstances and conditions.

After reading the entire quoted paragraph, we suggest the appellant company has fairly defined the term "immediate notice" by the last half of the same paragraph, as there is no presumption that the appellant wrote into the one paragraph contradictory expressions. At least, if that portion of the paragraph be not a definition of what the appellant meant by the word "immediate," it must be said that there is a provision that notice may be given as soon as reasonably possible, as a substitute for "immediate notice."

There is no evidence that Steinberg knew that the cause of the suffering of the appellee was the injury received at the time of the accident until July, 1935. It is true that he knew there was a painful jolt, or jar at the time of the accident, but he did not know that this jolt or jar was the cause of the continuous suffering from about that date until he was so notified by the appellee after she had gone to the second physician in Memphis, who advised the appellee that the sacro-iliac sprain was attributable to some "bump," as she expressed it in her testimony. It is true that by selecting or picking out particular answers that the appellee made in her examination and weaving them together as a continuous part of

her statement, that it may appear that she had knowledge that the accident was the cause of all her troubles. We cannot, however, and do not attribute this meaning to such statements as she may have so made. We hardly think it possible that she would have taken medicine from two doctors, nor would she have submitted herself to an operation to correct conditions wholly unrelated to the accident had she had that certain and definite knowledge attributable to her in appellant's brief.

We agree with appellant's contention that it is most likely whatever information Mrs. Waggoner, the appellee, may have had was communicated to her brother-in-law, Sol Steinberg, but that is based upon a mere presumption, not proof, except for one statement made by the appellee to the effect that Steinberg knew of her condition. He denied, however, most positively that he did know of the cause of the condition until advised by the appellee a short time before she filed suit against him.

We think it should be understood that we are not, by this discussion, seeking in any manner to impair the obligation of an insured to give notice of an accident causing injury if he expects to be protected by the policy. An injury, however, might be so slight, so unimportant, apparently of so little consequence that any one, however cautious, might pass it up or neglect to report it as being of no real importance, but, however slight such injury might appear, if there were anything connected with it, or the conditions prevailing that indicated that serious consequences might follow, there is no doubt the notice contemplated must be given and a failure to give it must be at the risk of the insured. The suggestions relate or refer to the duty to give notice and do not in any respect imply or suggest a period at which the cause of action arose. See *Field* v. *Gazette Pub. Co.*, 187 Ark. 253, 59 S. W. (2d) 19.

It cannot be of service to attempt further analysis of the testimony as to matter of promptness or delay of giving notice by Steinberg to the insurer of the accident. Let it suffice to say that we have given careful consideration to all matters abstracted in that respect and have

determined that was a question of fact in that regard properly submitted to the jury for decision. Under the circumstances the trial court could not as a matter of law declare there was undue delay in reporting the accident. There was no error in that procedure. The only objection to instructions was to preserve objections and exceptions because the court refused to direct a verdict for appellant. Notice given as soon as it was known that appellee's physical condition was attributable to the accident was "immediate notice" and "was given as soon as was reasonably possible."

We have already indicated this controversy was for the jury, and the verdict returned is decisive in favor of appellee of every matter submitted.

The law is not essentially different from the announcements made in an earlier case against the appellant company. *Hope Spoke Co.* v. *Maryland Casualty Co.*, 102 Ark. 1, 143 S. W. 85, 38 L. R. A. (N. S.) 62, Ann. Cas. 1914A, 268.

It is unnecessary to decide in this case whether the condition hereinbefore copied is a condition precedent. The finding of the jury on instructions submitted is to the effect that the notice was duly given and that no prejudice resulted by any supposed or alleged delay. In *Hope Spoke Company* v. *Maryland Casualty Company, supra,* there was a reversal, because the court held that the condition therein set out, which is, however, different from the one under consideration, was not a condition precedent and that no prejudice was shown to have resulted because of the delay to give the required notice.

In a much more recent case, *Home Indemnity Co.* v. *Banfield Bros. Packing Co., Inc.,* 188 Ark. 683, 67 S. W. (2d) 203, there is a rather full or complete discussion as to the effect of any delay in the giving of notice and also the matter of giving notice of an accident which is to all appearances trivial. There is a further discussion and a holding that these matters, if in dispute, were questions for the decision of a jury.

In order that this opinion should not be unduly extended let it be said that the last-cited case is authority

and decisive of the law as applied to the facts as determined by the jury in the case under consideration. We content ourselves by reference to or citation of the said case and the authorities there cited and discussed. There are many other cases cited by appellant and appellee upon particular propositions that have arisen. These citations could be analyzed and apparent discrepancies distinguished, if there are any; similarities might be emphasized, but it must suffice to say that there is no real conflict in any of the authorities upon the facts as they have been in this case decided by the verdict of the jury.

The pivotal proposition here has been one of fact, rather than of law; and disputed facts were decided in favor of the appellee, and it is proper that the case should be affirmed. It is so ordered.