Santee *v.* Arkansas Corporation Commission.

4-6900                                    166 S. W. 2d 672

Opinion delivered December 14, 1942.

*Willis V. Lewis* and *Ed E. Ashbaugh,* for appellant.

*Louis Tarlowski,* for appellee.

Holt, J.   This appeal challenges the judgment of the Pulaski circuit court, second division, affirming an order of the Arkansas Corporation Commission of May 8, 1942, wherein there was canceled a certain certificate of public convenience and necessity authorizing appellant to operate a motor transportation system over U. S. highway 70 from Hazen to the junction of highway 11, and from the junction of highways 11 and 70 to Stuttgart, and thence over highways 152 and 1 to St. Charles, Arkansas.

The certificate in question was issued on November 5, 1941, and required operations thereunder to begin within thirty days from date of issuance. November 26, 1941, on appellant's petition, he was granted an extension of forty-five days, or until January 10, 1942, within which to begin operations under his permit.

The record shows that no operations were conducted under this permit from the date of its issuance, November 5, 1941, to and including April 1, 1942.

April 20, 1942, the Commission notified appellant that on May 8, 1942, he would be required to show cause why his permit should not be canceled for failure to operate. Pursuant to this notice, a hearing was had on May 13, and upon the evidence presented, the Commission entered an order cancelling appellant's permit. On appeal to the Pulaski circuit court the Commission's order was affirmed and appellant ordered to cease and desist from operating over the highways involved, and, as has been noted, this appeal followed.

Appellant's contention for a reversal is stated in his brief in this language: "The ruling of the Commission and the lower court is contrary to the evidence and the law in the case, and that both the court and the Commission exceeded its jurisdiction."

More specifically, appellant argues that he was operating over the highways in question under his permit granted by the Commission, and, therefore, under § 14, division (a) of act 367 of the Acts of 1941, it was the duty of the Commission, before cancelling his permit, to give him thirty days within which to comply with the Commission's orders, and that this the Commission had failed to do.

There is no dispute that the permit issued to appellant contained a provision that operations thereunder should begin within thirty days from date of issuance (November 5, 1941), and that on November 26, 1941, appellant applied for and was given a forty-five day extension, which expired on January 10, 1942. It is also undisputed that appellant conducted no operations, under

his permit, from January 10 to April 1, 1942. Appellant testified that on the last date he leased a bus with driver from another transportation line and began operations. As to the nature of this attempted operation, the record reflects that from April 1 to April 30, inclusive, only ten tickets, totaling $3.60, were sold from Stuttgart to Hazen. There is no evidence that tickets were ever sold from Hazen to Stuttgart. Appellant at no time operated on the other routes specified in his permit. While he testified that cash fares were collected along the route between Hazen and Stuttgart, he admitted that no record of these fares was kept, and he had no idea of the amount. Of the ten tickets sold, two were sold between April 1 and April 7, none between April 7 and April 21, and six between April 21 and April 30. Appellant testified that he did not begin operations sooner for the reason that he could not procure buses. He claimed, however, that he ordered two buses early in November, and although one of these buses was delivered to him during that month, it appears that he made no attempt to put it in operation.

We think it clear, from appellant's own testimony, that he attempted no more than a token operation over a part of his route on and after April 1, 1942. There is utterly lacking any evidence of operation in good faith on the part of appellant. Section 14, division (a) of act 367 of 1941 is as follows: ''Certificates, permits and licenses shall be effective from the date specified therein, and shall remain in effect until terminated as herein provided. Any such certificate, or permit, or license, may, upon application of the holder thereof, in the discretion of the Commission, be amended or revoked, in whole or in part, or may upon complaint, or on the Commission's own initiative, after notice and hearing, be suspended, changed, or revoked, in whole or in part, for willful failure to comply with any provision of this act, or with any lawful order, rule or regulation of the Commission promulgated thereunder, or with any term, condition or limitation of such certificate, or permit, or license; provided, however, that no such certificate, per-

4

mit, or license shall be revoked unless the holder thereof willfully fails to comply within a reasonable time, not less than thirty days, to be fixed by the Commission, with a lawful order of the Commission, commanding obedience to the provisions of this act, or to the rules or regulations of the Commission or to the term, condition, or limitation of such certificate, or permit, or license found by the Commission to have been violated by such holder."

It is our view, and we so hold, that the above section contemplates that, before appellant would be entitled to a period of thirty days within which to comply with the Commission's order, it devolved upon him to show that he had in good faith begun operations within the time allotted by the Commission, or within a reasonable time thereafter.

In the instant case it is undisputed that appellant did not begin operations during the first thirty days allotted from the issuance of his permit. He did not operate during the forty-five day extension period allotted him at his own request on November 26, 1941. In fact he made no attempt to begin operations until approximately eighty days beyond January 10, 1941, the last day of his forty-five day extension, and, as noted above, these operations were no more than token operations. We conclude, therefore, that on the record here the judgment is correct, and should be and is affirmed.