VETERAN'S TAXICAB COMPANY *v.* CITY OF FORT SMITH.

4-8556                                                   212 S. W. 2d 341

Opinion delivered June 21, 1948.

*Grant & Rose* and *Rose, Dobyns, Meek & House,* for appellant.

*Harrell Harper, Hugh M. Bland* and *Paul E. Gutensohn,* for appellee.

Ed. F. McFADDIN, Justice. Fort Smith, Arkansas, is a city of the first class operating under the commission form of government. This appeal challenges the action of the city commission in revoking the permit it had previously granted to the Veteran's Taxicab Company to operate taxicabs in that city.

On August 31, 1946, appellant—after a showing of public convenience and necessity—obtained from the city commission[1] a permit to operate taxicabs in that city. One hundred ($100) dollars was paid by appellant as the license fee for five taxicabs to be operated for the period ending December 31, 1946; but no operation of taxicabs by appellant was attempted until August 28, 1947. The

---

[1] Act 213 of 1939 was then the governing act on the authority of cities in such matters. See *North Little Rock Transportation Co.* v. *City of North Little Rock,* 207 Ark. 976, 184 S. W. 2d 52.

nature of the operations on this last-mentioned date will be discussed in topic III(b), *infra.* On August 19, 1947, the city commission of Fort Smith served on the appellant an order (returnable before the commission on August 30, 1947) to show cause why the permit of August 31, 1946, should not be revoked. Pursuant to the show-cause order there was a hearing before the city commission attended by all interested parties, and the entire record of proceedings was duly transcribed.

At the hearing it was claimed by the city commission that the appellant had failed to comply with ordinance 1969 of Fort Smith, in that the appellant (1) had not operated under the ordinance, and (2) had disposed of its permit without permission of the city.[2] Here is the language of the presiding officer of the commission at the time of the hearing:

"Now, the city commission doesn't think the Veteran's Taxicab Company has complied with this section of the ordinance which requires the operation by January 1, 1947. Then, too, we were furnished information that the Veteran's Taxicab Company had changed ownership. . . . Now, what the city commission wants to know is why they have not operated. That is first. Then, why—if it has changed hands—the commission was not notified . . ."

At the conclusion of the hearing the city commission, by order dated September 6, 1947, revoked the permit of the appellant. Thereupon the Sebastian Circuit Court—on petition of appellant—had the transcript of proceedings before the commission brought to the circuit court by certiorari; and after due consideration the circuit court, by order of September 30, 1947, denied appellant any relief and affirmed the action of the city commission. From the circuit court judgment there is this appeal presenting—*inter alia*—the issues now to be discussed. Appellees are the City of Fort Smith and its commissioners; rival cab companies intervened in the

[2]The holding now made on the first contention makes it unnecessary to discuss the second contention.

hearing before the commission, and were parties in the circuit court, and join with appellees in this court.

I. *The Proceeding by Certiorari.* Appellees contend that the action of the city commission in revoking the permit is not subject to review by certiorari in the circuit court; but the appellees are in error in this contention. Section 2865, Pope's Digest, provides for certiorari in the circuit court in a case such as this one. *Williams* v. *Dent,* 207 Ark. 440, 181 S. W. 2d 29, fully discusses the point.

But the circuit court on certiorari does not try the cause *de novo;* neither does it substitute its judgment for that of the city commission. In *Merchants & P. Bank* v. *Fitzgerald,* 61 Ark. 605, 33 S. W. 1064, Mr. Justice BATTLE said that certiorari can be used by the circuit court:

". . . in the following classes of cases : (1) where the tribunal to which it is issued has exceeded its jurisdiction; (2) where the party applying for it had the right of appeal, but lost it through no fault of his own; and (3) in cases where it has superintending control over a tribunal which has proceeded illegally, and no other mode has been provided for directly reviewing its proceedings. But it cannot be used as a substitute for an appeal or writ of error, for the mere correction of errors or irregularities in the proceedings of inferior courts . . ."

Chief Justice McCULLOCH, in *Hall* v. *Bledsoe,* 126 Ark. 125, 189 S. W. 1041, (involving certiorari to a state board), quoted the above, and added:

"But it does not follow that the court, on hearing the writ, proceeds *de novo* and tries the case as if it had never been heard in the inferior court. This is true, because as we have already seen, the office of the writ, which has not been enlarged by statute, is merely to review for errors of law, one of which may be the legal insufficiency of the evidence, and for the purpose of testing out that question the circuit court is, by the statute, empowered to hear evidence *de hors* the record in order to ascertain what evidence was heard by the

inferior tribunal, and to determine whether or not the evidence was legally sufficient to sustain the judgment of that tribunal. That question is one of law, which is subject to review like all other errors of law. *Catlett* v. *Railway Co.,* 57 Ark. 461, 21 S. W. 1062, 38 Am. St. Rep. 254.''

, In the case at bar there was filed in the circuit court a transcript of all the proceedings before the city commission, so there was no occasion or right to have evidence *de hors* that record. The circuit court held that the city commission had acted legally and within its jurisdiction, and with no arbitrary abuse of power. On appeal we examine the record to ascertain if the circuit court was correct. Such is the extent of the review.

II. *Failure of the Appellant to Comply with City Ordinance 1969.* The city commission of Fort Smith, by its order of September 6, 1947, revoked the permit of the Veteran's Taxicab Company ''for the failure to comply with the terms of said ordinance and for failure to operate taxicabs under the provisions of said permit.'' What does the record show in this regard?

The language of the city commission in granting the permit to the appellant on August 31, 1946, was:

''. . . that the Veteran's Taxicab Company be issued a permit to operate taxicabs in the City of Fort Smith, Arkansas, after passage and approval of an ordinance amending the taxicab ordinance, which the city attorney is instructed to draw and present to the city commission for approval within thirty days of this date— said ordinance to provide appropriate penalties for violation of pertinent taxicab regulations, and said ordinance to provide that existing taxicab companies be given a period for adjustment, not to extend further than January 1, 1947, to comply with the regulations therein included.''

The above reflects that, at the time of the granting of the permit, the city commission was contemplating the passage of a new ordinance regulating taxicabs, and appellant's permit was conditioned upon compliance

therewith. The contemplated ordinance was duly passed prior to January 1, 1947, and is ordinance No. 1969. So it will be observed that the granting of the permit by the city commission of Fort Smith was on condition that the appellant would operate taxicabs "after the passage and approval" of ordinance 1969.

The city ordinance 1969 is captioned: "An Ordinance Providing Regulations, Licenses for the Ownership and Operation of Taxicabs within the City of Fort Smith, Arkansas, Providing Penalties for its Violation, and for Other Related Purposes and Repealing Prior Ordinances where Same Conflict Therewith." The ordinance consists of 14 sections, and is extremely comprehensive. Section 1 reads:

"From and after January 1, 1947, no person, as herein defined, shall be granted a permit to own and operate any taxicab, as herein defined, within this city, and from and after this date the permit, license or certificate heretofore granted any person to own and operate any taxicab within this city, shall be deemed hereby revoked and the ownership and operation thereof shall be unlawful, unless all such persons shall first comply with the provisions of this ordinance and of all existing ordinances not hereby amended or repealed, and all state laws regulating the ownership and operation of taxicabs."

Section 7 reads in part: "The Board of Commissioners shall revoke any permit granted when any person holding same shall violate or fail to comply with the provisions of this and all other valid ordinances or State laws regulating taxicabs, and when any such permit be revoked any further operation thereunder shall be unlawful and a violation of this ordinance. . . .

"No permit shall be granted any person who fails to furnish satisfactory evidence of compliance with this and all other ordinances and State laws regulating taxicabs; *and from and after January 1, 1947, any permit, license or certificate to own and operate, or operate, such taxicab, or taxicabs, within this city, granted or issued prior*

*to the adoption of this ordinance, shall forthwith be re-*
*voked unless the person or persons to whom the same*
*have been issued or granted shall by that date be in full*
*compliance with this and all other ordinances and State*
*laws regulating taxicabs;* [3] . . . "

We particularly call attention to the italicized lan-
guage in section 7, which clearly states that any permit
issued before January 1, 1947, "to own and operate"
taxicabs shall be revoked unless the holder shall on Janu-
ary 1, 1947, be in full compliance with the ordinance. It
is admitted by appellant that it had not complied with
ordinance 1969 at any time up to August 19, 1947 (date
of the show-cause order). Appellant paid no fees after
January 1, 1947, nor began the operation of any cabs
under its permit until after the show-cause order had
been served. These omissions made a *prima facie* case
to justify revocation of appellant's permit for noncom-
pliance with ordinance 1969, and for nonuser. In 43 Am.
Juris. 585, "Public Utilities and Services," § 21, in
speaking of the forfeiture of a permit, this appears:
"As is true of franchises generally, a franchise granted
to a public service corporation may be forfeited for mis-
user or nonuser." See, also, Pond on Public Utilities,
4th Ed., § 464, where this appears: "Where, however,
the municipal public utility fails or refuses for an unrea-
sonable time to install its plant and provide service, the
courts will not hesitate to declare its special franchise
privileges to be forfeited on account of their nonuser."

III. *Appellant's Reasons for Noncompliance with
Ordinance 1969.* To answer the position of the city, ap-
pellant makes two contentions, which we now discuss:

(a) Appellant claims that it was not required to be
in operation on January 1, 1947, or on any other specified
time. We hold that the language of the permit and the
portion of the ordinance, as previously set forth and
italicized, clearly disclose that the appellant was required
to have its taxicabs in operation and be in compliance
with the ordinance not later than January 1, 1947.

[3] Italics our own.

(b) Appellant also contends that its noncompliance with ordinance 1969 is to be excused because of a pending appeal. Appellant points out that when its permit was granted on August 31, 1946, rival taxicab companies obtained *certiorari* in the circuit court of Sebastian county to review the proceedings of the city commission in granting appellant its permit. The Sebastian circuit court on December 31, 1946, dismissed the said certiorari proceedings; and thereupon the four rival taxicab companies appealed to this court. The case here (our number 8232) was filed May 5, 1947; and dismissed by the four cab companies on September 15, 1947, before any submission to, or decision by, this court. The pendency of this appeal from the circuit court to this court is claimed by appellant to be full justification for its failure to put its cabs in operation prior to the service of the show-cause order on August 19, 1947.

But there was no *supersedeas* of any kind obtained by the four rival taxicab companies from the said court order of December 31, 1946. Section 2764, Pope's Digest, on the effect of an appeal from the circuit court, says: ''An appeal or writ of error shall not stay proceedings on the judgment or order, unless a *supersedeas* is issued.'' So, the circuit court order affirming the action of the city commission in granting a certificate of public convenience and necessity was the full authority for the appellant to begin its operations; and the appellant cannot hide behind the pendency of an appeal as an excuse for failure to act under its permit.

When a regulatory body issues a permit based on a finding of public convenience and necessity, the grantee must begin operations under the permit within due time, unless such operations are excused by the regulatory body or enjoined by a court. The granting of a certificate of public convenience and necessity is based on the premise that the public will be served by the grantee of the permit; and the grantee cannot hold the permit and— at the same time—refuse to serve the public because of the possibility of unfavorable appellate court action. Such a refusal would deprive the public of the services

which the permit was supposed to ensure. In 43 Am. Juris. 584, "Public Utilities and Services," § 20, this appears: "In every grant of a public utility franchise, there is implied an agreement on the part of the grantee that it will be exercised . . . ."

A case not altogether in point, but yet recognizing that a permit may be revoked for nonuser, is that of *Santee* v. *Ark. Corp. Commission*, 205 Ark. 1, 166 S. W. 2d 672. That the appellant, here, could have commenced operations under its permit, if it had so desired, is shown by the fact that, after the show-cause order was served, appellant (on August 28, 1947) operated four taxicabs which it had obtained from the North Little Rock Transportation Co.—shown to be a company under the management of Mr. Fred Andres, who also is the manager of the appellant company.

The excuse of the appellant for noncompliance was not sufficient to justify the circuit court, or this court on appeal, in holding that the city commission of Fort Smith acted illegally, arbitrarily or without jurisdiction in revoking the permit of the Veteran's Taxicab Company for its failure to comply with ordinance 1969, and for its failure to operate taxicabs under its permit.

It follows therefore that the judgment of the circuit court is in all things affirmed.