Florence D. **CASSIDY**, Plaintiff,

v.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY**,
Defendant.

Civ. A. No. 296.

United States District Court
W. D. Arkansas, Fayetteville Division.

Nov. 28, 1955.

---

Rex W. Perkins, Fayetteville, Ark., for plaintiff.

Clifton Wade, Fayetteville, Ark., for defendant.

JOHN E. MILLER, District Judge.

The motion to dismiss the complaint is before the Court for determination.

The question involved has been thoroughly briefed by the attorneys for the respective parties. The attorneys for defendant have requested that the Court hear oral arguments in addition to the briefs filed by the parties, but the Court is of the opinion that no useful purpose would be served by hearing oral arguments, and that the question should be disposed of upon the record and the briefs now before the Court.

Local Rule 8(c) provides:

"The moving party or party filing a response to the motion, at the time of filing such motion or response, may request oral argument or that ore tenus testimony be heard by the court before disposing of said motion, and the Judge, in the exercise of his discretion, for valid cause shown or upon his own initiative, may order, upon reasonable notice, that oral argument be had or that ore tenus testimony be introduced, or may proceed after the filing of a response, as provided in paragraph 'b' hereof, or upon the expiration of 10 days from the service of the filing of the motion and supporting papers, as provided in paragraph 'a' hereof, to dispose of the motion by entry of any appropriate order."

It is admitted that the facts are undisputed, and thus they require no elucidation. The able attorneys have cited to the Court practically every adjudicated case which it is thought might sustain their contention.

The defendant in its brief states:

"The sole question of law here to be decided is whether or not plaintiff can maintain this suit while an appeal is pending from a judgment upon which the suit is based."

This statement of the case is not entirely correct, since the judgment of the Washington County Circuit Court has not been superseded, and. an appeal is being prosecuted without the judgment having been superseded.

The plaintiff, Florence D. Cassidy, a citizen of Arkansas, obtained a judgment on July 7, 1955, in the Circuit Court of Washington County, Arkansas, against the defendant's assured, Marjorie Holt Rudolph, in the sum of $30,000. After the rendition of the judgment, a motion for new trial was filed, overruled, and notice of appeal given. No supersedeas bond was filed by the defendant, a corporation, organized under the law of the State of Mississippi and authorized to do business in Arkansas. On August 17, 1955, execution was issued on the judgment and returned nulla bona. The defendant's insured is insolvent, and the judgment plaintiff is now attempting to enforce collection of the judgment against the defendant. The judgment obtained by the plaintiff against defendant's insured in the Washington Circuit Court exceeds by $5,000 the limits of coverage in the policy issued by defendant to its assured, Marjorie Holt Rudolph. The complaint originally filed herein was for the recovery of the entire amount of the judgment of $30,000, together with interest thereon from July 7, 1955, and $56.50 costs in the Washington Circuit Court. On October 12, 1955,

before defendant had pleaded to the complaint, the plaintiff filed an amendment alleging that she was entitled to recover 12 percent penalty and a reasonable attorney's fee.

On October 21, 1955, the defendant filed its motion to dismiss the complaint, and alleged that the complaint failed to state a claim against the defendant upon which relief can be granted. On October 26, 1955, the plaintiff filed a motion for permission to further amend her complaint, and on October 27 leave was granted the plaintiff to further amend the complaint. The second amendment alleged:

"That through inadvertence the prayer of the original complaint in the above entitled cause asks the recovery from the defendant in the sum of $30,000, when in fact the limits of the liability under the policy at this time is $25,000; that the prayer of the complaint should be amended to conform and ask for $25,000 rather than $30,000."

On March 23, 1927, the General Assembly of Arkansas passed an act to regulate accident and liability insurance companies doing business in the State. Section 1 of the Act now appears as Section 66–526, Ark.Stats., 1947, and provides that no policy of insurance against loss or damage resulting from accident to, or injuries suffered by, an employee or other person and for which the insured person is liable, or against loss or damage to property, shall be issued or delivered in the State of Arkansas,

"unless there shall be contained within such policy a provision that the insolvency or bankruptcy of person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident, be-

cause of such insolvency or bankruptcy, that then an action may be maintained by the injured person, or his or her personal representative, against such corporation under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

As a matter of law, if the conditions stated in the Statute are not contained in the policy of insurance, the law implies that such policy was issued with reference to the Act, and the legal effect is the same as if the statutory conditions were actually and fully complied with. Maryland Cas. Co. v. Waggoner, 193 Ark. 550, 101 S.W.2d 451. The policy issued by defendant to its assured, Marjorie Holt Rudolph, provides:

"I. Coverages

"Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages, because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\* \* \* \* \* \*

"II. Defense, Settlement, Bonds, Supplementary Payments

"As respects such insurance as is afforded by the other terms of this policy,

"(a) under Coverages A and B, the Company shall

"(1) defend in his name and behalf any suit against the insured alleging such injury, or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the Company shall have the right to make such investigation, negotiation, and settlement of any claim or suit as may be deemed expedient by the Company;

"(2) pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy; all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bonds; all costs taxed against the insured in any such suit; all expenses incurred by the Company; all interest accruing after entry of judgment until the Company has paid, tendered, or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereon; and expenses incurred by the insured, in the event of bodily injury, for such immediate medical and surgical relief to others as shall be imperative at the time of an accident;

  \*     \*     \*     \*     \*     \*

"5. Action Against Company —Coverages A, B, and C. No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of the policy, nor, under Coverages A and B, until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company, nor under Coverage C until the required proofs of claim have been filed with the Company.

"Under Coverages A and B of this policy, any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded thereunder. Nothing contained in this policy shall give any person or organization any right to join the Company as a codefendant in any action against the insured to determine the insured's liability.

  \*     \*     \*     \*     \*

"12. Assistance and Cooperation of the Insured. The insured shall cooperate with the Company and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident."

The defendant complied with the requirement of the policy issued by it by proceeding to defend in the name of the assured the suit filed by the plaintiff. The actual trial of the damage suit in the Washington Circuit Court resulted in a judgment in favor of the plaintiff for $30,000, and, as heretofore stated, the instant defendant proceeded in the name of its assured to perfect an appeal to the Supreme Court of Arkansas, but the defendant did not provide a supersedeas bond.

Section 27–2119, Ark.Stats., 1947, provides:

"An appeal or writ of error shall not stay proceedings on the judgment or order, unless a supersedeas is issued."

Section 27–2121, supra, provides that a supersedeas shall not be issued until the appellant shall cause to be executed before the Clerk of the Court which rendered the judgment, or the Clerk of the Supreme Court, by one or more sufficient sureties to be approved by such Clerk, a bond to the effect that the appellant shall pay to the appellees all costs and damages that shall be adjudged against the appellant on the appeal; or, in the event of the failure of appellant to prosecute said appeal to a final judgment in the Supreme Court, or if said appeal shall for any cause be dismissed, that said sureties shall pay to the appellees all costs and damages and shall perform the judgment

of the court appealed from; that the appeal shall be prosecuted without delay and that he will satisfy and perform a judgment appealed from in case it should be affirmed.

The Court in Veteran's Taxicab Co. v. City of Fort Smith, 213 Ark. 687, at page 694, 212 S.W.2d 341, at page 345, quoted the above Section 27–2119, supra, and said:

> "So, the circuit court order affirming the action of the city commission in granting a certificate of public convenience and necessity, was the full authority for the appellant to begin its operation; and the appellant cannot hide behind the pendency of an appeal as an excuse for failure to act under its permit."

The Statute, Section 66–526, supra, confers a right of action upon the injured person, when such injured person has obtained a judgment against the assured, and when an execution issued on the judgment is returned unsatisfied in the action brought by the injured person. Such action of the injured person against the insurer is "for the amount of the judgment in the said action not exceeding the amount of the policy." Here the injured person, the plaintiff, is seeking to recover from the insurer a sum not in excess of the amount of the policy. By its terms the policy provides that the action shall not lie against the insurer unless, as a condition precedent thereto, there shall have been full compliance with all the terms of the policy. No contention is made that the assured did not fully comply with all the terms of the policy. It is further provided that no action shall lie "until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the Company * * *."

The policy further provides, "Any person * * * who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded thereunder". The plaintiff could not have joined the defendant in the action which she instituted in the Washington Circuit Court against the assured to determine the assured's liability to her, and it is only by virtue of the Statute and the provisions of the policy that the plaintiff has a right to maintain this action. The defendant earnestly contends that the "no action" provision of the policy means that the injured person cannot maintain action until the expiration of the time for appeal or disposition of the appeal by the appellate court.

There appears to be a conflict of authority whether within the contemplation of the "no action" clause a judgment is final while it is subject to an appeal. Some of the adjudicated cases hold that the judgment is final within the meaning of such a clause, although there is a right of appeal therefrom. Other cases hold that the judgment is not final within the meaning of a "no action" clause until the expiration of the time for appeal or disposition of the appeal by the appellate court. See annotation, 125 A.L.R. 755 et seq.

The Court has examined some, if not all, of the decisions rendered in other jurisdictions, but does not believe that any of them are decisive of the question now before the Court. Most of them turn upon the various provisions of the State statute and the particular insurance policy involved. Honorable A. L. Barber, a prominent and able insurance attorney of Little Rock, read before the Association of Insurance Counsel, at its April 1938, meeting, a paper in which he discussed the "Right of Injured Party, Who Has Obtained Judgment Against an Assured, to Bring Action Against the Insurance Company During Pendency of an Appeal Without Bond". Mr. Barber reviewed a great many decisions from jurisdictions other than Arkansas, and called attention to the fact that in 1938, in Louisiana, Alabama, and New York, the judgment plaintiff had a right to bring an action against the insurance company on the policy after judgment against assured and the execution upon

762

the judgment returned nulla bona, even though an appeal from the judgment against the assured was pending. He also referred to cases from other jurisdictions which held that such suit could not be maintained while an appeal from a judgment against assured was pending. See, Insurance Counsel Journal, April 1938, Volume V, No. 2, page 27.

The defendant, in addition to relying upon cases from other jurisdictions, insists that the case of Fidelity & Casualty Co. v. Fordyce, 64 Ark. 174, 41 S.W. 420, decided June 12, 1897, is conclusive, and that the liability of the insured has not been determined by a judgment against him so as to render the insurer liable while an appeal from such judgment is pending.

The Court does not think that the Fordyce case, supra, is an authority against the right of the plaintiff to maintain the present suit. It must be borne in mind that the case was decided June 12, 1897, thirty years prior to the enactment by the General Assembly of Arkansas of the Statute conferring upon the injured person a right to maintain a suit against the insurer upon the judgment obtained by the injured person against the assured. The policy of insurance involved in the Fordyce case, supra, provided that the insurer should have the absolute control of defending a case against its assured throughout the pendency of the case. The Court, beginning at the bottom of page 179 of 64 Ark., at page 422 of 41 S.W., in discussing the rights and liability of the insurer to control any litigation filed by an injured person against the insured, said:

"The assured surrendered the entire control and management thereof to the insurer. So long as the latter resisted in the courts the enforcement of such claims, no right of action accrued upon its policy; for until the termination of the litigation both parties to the policy denied the liability of the assured, and the existence and the extent thereof remained undetermined according to the methods by which the parties,

in effect, agreed it should be ascertained and fixed. Any other interpretation of the policy would take from the insurer the protection for which it contracted."

The defendant insurer in this case has not reserved unto itself any such right as the court held the insurer had in the Fordyce case, supra. Indeed, the statute conferring the right of action upon the plaintiff provides that upon the happening of certain precedent events "then an action may be maintained by the injured person". All conditions precedent had occurred when this suit was filed by plaintiff, the injured person. The provision in the policy which provides that such action shall not be maintained until the amount of the insurer's obligation to pay shall have been finally determined, either by judgment against the assured after actual trial, or by written agreement, does not mean that the insured may postpone payment of the insurer's obligation until an appeal has been determined. Liability of the insurer attaches when a judgment has been rendered after actual trial or when a written agreement has been reached by the insured, the claimant, and the company. The judgment in the Washington Circuit Court is final. If it were not, an appeal could not be taken to the Supreme Court. Section 27–2101, Ark.Stats.1947. In Harlow v. Mason, 117 Ark. 360, at page 362, 174 S.W. 1163, at page 1164 the Court said:

"'A judgment, to be final, must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject-matter in controversy.'"

The judgment of the Washington Circuit Court adjudged that the plaintiff have and recover of and from the defendant, Marjorie Holt Rudolph, $30,000, together with interest thereon from date until paid, at the rate of 6 percent per annum, together with all costs, for which execution may issue.

Section 1 of the Act, being Section 66–526, supra, is copied almost literally from

an act passed in New York in 1918. Universal Automobile Ins. Co. v. Denton, 185 Ark. 899, 50 S.W.2d 592. At page 909 of 185 Ark., at page 595 of 50 S.W. 2d, the court, in considering the question of when an injured person might maintain a suit against the insurer said:

> "We have here a policy conforming to the statute which created a cause of action which would not otherwise exist, and the cause of action thus created can only be maintained under conditions specified, which are that, upon an execution being returned unsatisfied, the plaintiff in the judgment may maintain an action against the insurer for the amount of the damage not exceeding the amount of the policy."

The General Assembly by the passage of the Act conferring the right upon the injured person to maintain an action under the conditions specified therein intended to provide an efficient remedy. Such a remedy would not exist if the insured could delay settlement or payment of the obligation by an appeal without a supersedeas bond. The purpose of requiring a supersedas bond is to insure the payment of a judgment if it is affirmed on appeal, and the defendant should not be permitted to nullify the remedies of the injured person by refusing to pay the judgment determined after actual trial without giving to the injured person during the appeal the protection afforded by a supersedeas bond as is required by the law of Arkansas of other appellants.

In the discussion of the question by Mr. Barber in the article, hereinbefore referred to, he called attention to an unreported case in which the Washington Circuit Court decided the identical question. In that case, the judgment plaintiff had brought a suit against the insurer, and the insurance company contended that it was prematurely brought and relied upon the Fordyce case, supra. The court held that the Fordyce case was not applicable in that it was decided prior to the passage by the General Assembly of Arkansas of the present act, and that the Act gives to the injured party the right to sue the insurance company immediately upon return of an execution unsatisfied, and that the use of the word "then", an adverb of time, meant that the right of action against the insurance company accrued immediately. The court, therefore, denied the motion to dismiss and entered judgment against the insurance company for the full amount of its coverage. An appeal was taken by the insurance company from that judgment, but before the appeal was reached in the Supreme Court, the appeal of the defendant in the original case was decided, and therefore the question involved herein was not reached by the Supreme Court of Arkansas. However, this Court is convinced that under the present law of Arkansas, the plaintiff has a right to maintain this action, even though an appeal from the judgment in her favor in the original action is pending. An altogether different question would be presented if the insurance company had elected to file a supersedeas bond to protect the judgment plaintiff to the extent of the coverage of the policy.

The Supreme Court of Alabama, in the case of Ohio Cas. Ins. Co. v. Gantt, 256 Ala. 262, 54 So.2d 595, at page 599, said:

> "In the case of Consolidated Underwriters v. Richards, 276 Ky. 275, 124 S.W.2d 54, it was held that the defendant could sue pending the appeal by reason of the terms of the policy, which required the insurer not only to defend the suit against the insured but also to pay all necessary premiums on the appeal bond; and that the insolvency or bankruptcy of insured would not affect the liability of the insurer. Therefore, a suit by plaintiff in judgment against the insurer on a policy, in all material respects similar to that in the instant case, was not premature when it was begun pending appeal without supersedeas."

In Pape v. Red Cab Mutual Cas. Co., 128 Misc. 456, 219 N.Y.S. 135, it was

held that a suit by the plaintiff in judgment against the insurer was not premature pending an appeal without supersedeas bond on such policy of insurance.

The policy involved in the Gantt case, supra, contained the identical provision on the subject of action against company as the policy in the instant suit, and the court in discussing whether the insured's obligation had been "finally determined", said at page 600 of 54 So.2d:

> "When its collection is justified by a judgment complete in every respect, the amount of it as an obligation by defendant is finally determined by judgment after trial, fixing the duty on the part of the insurer to pay the obligation which insured is bound by judgment to pay then and there, although the insured has the possibility of later obtaining a restitution which would inure to the benefit of the insurer. The 'final determination', provided for in the policy, means no more than the 'final judgment' referred to in section 12, supra. We think they both refer to a complete judgment by a court having jurisdiction to render it, and at a time when plaintiff in that judgment has a legal right to force its payment by such procedure as is available as though no appeal had been taken."

It was clearly contemplated at the time the policy was issued that a supersedeas bond would be filed if an appeal from a judgment was taken. The policy provides that the insured shall "pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy; all premiums on appeal bonds required in any such defended suit, but without any obligation to apply for or furnish such bonds". The appeal without supersedeas suspends no right which a plaintiff in a judgment has to enforce the payment of the judgment. Of course, the plaintiff cannot collect her judgment against the assured because it is admitted that she is insolvent, and the refusal or failure of the insured to file a supersedeas bond does not suspend the final effect of the judgment, and therefore the liability stands and the right of plaintiff to proceed to collect cannot be deferred except in the manner provided by law, and that is by filing a bond superseding the judgment against the assured.

Therefore, the motion of the defendant to dismiss should be overruled, and an appropriate order is being entered today.