TRINITY UNIVERSAL INS. CO. *v.* STOBAUGH.

5-3602                                         395 S. W. 2d 24

Opinion on denial of rehearing delivered
November 15, 1965.

PAUL WARD, Associate Justice. Appellant's petition on rehearing raises two points which merit further comment.

It is again argued that we erred in not applying the law of Texas in construing the policy sued on. Conceding that in many cases this might be true, we do not think it is true under the facts in this case because it appears Mrs. Estes had good reason to think no claim would be made by appellee. Therefore, it became a jury question as to whether or not Mrs. Estes acted as an ordinary prudent person in failing to give prompt notice. According to Appleman (cited in the original opinion) this view has been approved by decisions in more than a dozen states, and (so far as we can ascertain) is has not been disapproved by any Texas decision.

Appellant renews its contention that we erred in approving the judgment assessing the 12% statutory penalty against it and allowing appellee an attorney's fee. This contention is based on the fact that appellee (Syble Stobaugh) was not a "holder" of the policy as provided in Ark. Stat. Ann. § 66-3238 (Supp. 1963). To support that contention appellant relies on the case of *State Farm Auto Insurance Company* v. *Pennington*, 215 F. Supp. 784. That case however refutes rather than

sustains appellant's position. In the cited case "Summerville" (the injured party) is the counterpart of appellee (the injured party) in the instant case, yet the Court there granted a judgment in favor of Summerville for penalty and attorney's fee just as is here granted to appellee—all in accord (in both instances) with the provisions of the above mentioned statute.

Original opinion P. 746.