HOME INSURANCE COMPANY,
Appellant,

v.

ARKANSAS MECHANICAL CONTRAC-
TORS, INC., et al., Appellees.

Nos. 75–1336, 75–1381 and 75–1382.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 8, 1975.

Decided March 9, 1976.

Rehearing and Rehearing En Banc
Denied April 14, 1976.

Griffin Smith, Little Rock, Ark., for appellant (Tom Forest Lovett, Little Rock, on the brief).

Robert L. Robinson, Little Rock, Ark., for Pickens-Bond.

Michael G. Thompson, John B. Thurman, Little Rock, Ark., for Arkansas Mechanical Contr.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

BRIGHT, Circuit Judge.

This case raises a liability insurance policy coverage question arising from the fail-

ure of the named insured, Arkansas Mechanical Contractors, to notify its insurer, Home Insurance Company, of an accident occurring June 23, 1970, until after the injured party brought suit in Arkansas state court in March of 1973, two years and nine months after the accident. Home Insurance sought a declaratory judgment in United States District Court for the Eastern District of Arkansas to avoid policy coverage for the accident in question. It listed as defendants the named insured (Arkansas Mechanical Contractors); the injured party (J. W. DeJarnett); Hartford Insurance Company (the Workmen's Compensation carrier for DeJarnett's employer which had paid benefits to DeJarnett); and Pickens-Bond Construction Company, the general contractor which was named as a defendant in the state court suit. Pickens-Bond claimed coverage as an additional insured under the policy in question.

A jury by special verdict found that Arkansas Mechanical had given notice of the occurrence of the accident to its insurer as soon as practicable. The trial court (Judge Paul X Williams) thereafter entered a judgment declaring that the subject policy afforded coverage for the claim of bodily injuries asserted by DeJarnett in the pending Arkansas state court lawsuit. In the judgment, however, the trial court, although awarding attorneys' fees to the named insured, denied attorneys' fees to Hartford Insurance Company (the subrogee Workmen's Compensation carrier) and Pickens-Bond Construction Company (the additional insured).[1] Home Insurance Company appeals the adverse judgment. Hartford and Pickens-Bond cross-appeal from the refusal by the trial court to grant attorneys' fees to each of them. We affirm.

---

1. Attorneys' fees were claimed under provisions of Ark.Stat.Ann. § 66–3239, which reads in pertinent part:

   In all suits in which the judgment or decree of a court is against a[n] * * * accident and liability insurance company, * * * in a suit by it to cancel or lapse a policy * * that may have the effect of depriving the

I. *The Home Insurance Appeal.*

The relevant provision of the Home Insurance Company liability policy here in question reads:

CONDITIONS

4. Insured's Duties in the Event of Occurrence, Claim or Suit:

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents *as soon as practicable.* The named insured shall promptly take at his expense all reasonable steps to prevent other bodily injury or property damage from arising out of the same or similar conditions, but such expense shall not be recoverable under this policy. (Emphasis deleted, emphasis added).

The policy defined "occurrence" as "an accident, including injurious exposure to conditions which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

On June 23, 1970, the named insured served as a subcontractor for Pickens-Bond Construction Company which was then engaged in the construction of a manufacturing plant near Lonoke, Arkansas. On that date J. W. DeJarnett worked as a journeyman electrician for a second subcontractor, Fagan Electric Company, performing electrical work at the construction site. The accident occurred when employees of Arkansas Mechanical, while engaged in the

holder of such policy of any of his rights * * *, or in a suit for a declaratory judgment under such policy * * * such company shall also be liable to pay the holder of such policy all reasonable attorneys' fees for the defense or prosecution of said suit * * *.

installation of pipe, dropped a section of the pipe which struck DeJarnett on the side of his head. After the accident, DeJarnett was able to leave the construction site through the assistance of fellow workmen and was taken to a hospital by private automobile. Later, his physician discovered that DeJarnett had sustained a broken neck. He remained in the hospital for several months.

Employees of Arkansas Mechanical witnessed the accident and saw that DeJarnett had sustained some injury. The president of Arkansas Mechanical, George M. Rozelle, Jr., received a report of the incident from the general foreman a few days later. Arkansas Mechanical made no investigation of the accident and made no report of the incident to its insurer nor the local insurance agency, which ordinarily serviced the policy.

Two years and nine months later, on March 16, 1973, Mr. Rozelle received a telephone call from an attorney representing DeJarnett advising that DeJarnett had filed suit against Arkansas Mechanical in state court for damages resulting from the accident in June of 1970. At this point, Rozelle promptly notified the insurance agency representing Home Insurance of the suit, and after Arkansas Mechanical received the suit papers, Rozelle turned them over to the agency.

Home Insurance defended the action in state court under a reservation of rights notice and, as already noted, brought this action to determine whether the insured's failure to give earlier notice of the accident relieved the insurer of an obligation to defend the DeJarnett action or pay any judgment which might be entered against Arkansas Mechanical or Pickens-Bond.

Arkansas Mechanical asserts that under the circumstances it complied with the insurance policy provision requiring notice "as soon as practicable" by giving notice when the claim was actually made rather than when the accident occurred. In support of this contention, Mr. Rozelle testified that he did not consider the possibility of a claim since he was unaware that an employee of one subcontractor could make a claim against another subcontractor where Workmen's Compensation would cover the injured worker. He further noted that this type of claim had never been made before against his company.

In addition, Arkansas Mechanical introduced evidence tending to show that at the construction site its employees did not think that DeJarnett had sustained any serious injury. Finally, the local insurance agent conceded that in discussing reporting obligations with the insured, he may have said to report "claims" rather than accidents.

The Arkansas cases indicate that whether an insured has given an insurer the prompt notice of an accident as called for under policy provisions identical or similar to the provision here in question is usually a fact question. *Trinity Universal Insurance Co. v. Stobaugh,* 239 Ark. 982, 395 S.W.2d 24 (1965); *Lucas County Bank v. American Cas. Co.,* 221 Ark. 916, 256 S.W.2d 557 (1953); *Maryland Casualty Co. v. Waggoner,* 193 Ark. 550, 101 S.W.2d 451 (1937); *Home Indemnity Co. v. Banfield Bros. Packing Co.,* 188 Ark. 683, 67 S.W.2d 203 (1934).

Home Insurance, however, urges that reversal is required, relying on two district court opinions applying Arkansas law granting summary judgment for the insurer, *Hartford Accident and Indemnity Co. v. Loyd,* 173 F.Supp. 7 (W.D.Ark.1959), and *Providence Washington Ins. Co. v. Yellow Cab Co.,* 331 F.Supp. 286 (W.D.Ark.1971). The facts in these cases may be distinguished. In *Loyd,* the insured was notified by the claimant of her claim in clear language on two separate occasions. More than eight months then elapsed before any notice whatsoever was furnished by the insured to his insurance company, Hartford Accident. The court held that such an eight-month lapse between notice of a *claim* to the insured and the appropriate notice to the insurance company was not "as soon as practicable" as a matter of law, and thus granted summary judgment to the plaintiff insurance company in its suit for a declaratory judgment. Here, although the accident occurred on June 23, 1970, it was not

until March 16, 1973, that Arkansas Mechanical first had knowledge that a claim was being filed against it and that same day it gave notice to the insurance agency.

In *Yellow Cab, supra,* the district court determined under the circumstances presented in that case that a delay of notice of the accident from February 17, 1969 to April 12, 1971, five days after a lawsuit had been filed, was not "as soon as practicable" as a matter of law, and granted summary judgment. Again, however, the circumstances in *Yellow Cab* varied from those in the instant case. The court found that the insured knew immediately after the automobile accident that the injured party had sustained considerable damage to the automobile and was complaining of personal injuries, and yet neglected to notify the company of the accident notwithstanding a clear practice to the contrary in other similar accidents involving Yellow's taxicabs. Thus, we do not believe that *Loyd* and *Yellow Cab* mandate a reversal in this case.

Moreover, although the delay here was very substantial, extending well over two years, the information possessed by the insured relating to the accident was the same during the entire period until it received notice of an impending suit at the end of the period in question.

Under the facts, the jury could find that the insured made no immediate report of the accident in reliance upon a reasonable belief, although a mistaken one, that the injured workman of a subcontractor who received Workmen's Compensation benefits could not claim damages against another subcontractor working on the same construction project.

In instructing the jury, the trial court said that the term "as soon as practicable" is synonymous with "as soon as reasonable under the existing circumstances."

This definition comports with Arkansas law. In the *Trinity Universal Insurance Company* case, where the insurer sought to avoid a liability policy coverage for a delay in reporting, the court said that the duty of an insured to report an accident

"as soon as practicable" under the policy terms required the insured to act as an "ordinary prudent person" in giving notice. 395 S.W.2d at 27–28. *See also Maryland Casualty Co. v. Waggoner, supra,* 101 S.W.2d at 454 ("immediate notice" means notice within a reasonable time under all the circumstances).

Under all the evidence, we conclude that the trial court properly submitted to the jury the question whether Arkansas Mechanical Contractors gave notice to its insurer as soon as practical or reasonable under the existing circumstances and properly instructed the jury.

## II. *The Cross-Appeals.*

On cross-appeal, we reject the claims of Hartford and Pickens-Bond for attorneys' fees by reason of having established right to coverage or protection under the Home insurance policy. Nothing in the statute suggests that an insurer should be liable for attorneys' fees to successful defendants in addition to the named insured in a declaratory judgment case brought to construe or declare policy coverage.

We recognize that in suits involving insurers, the Arkansas courts and the federal courts applying Arkansas law have awarded counsel fees to a successful party not a named insured, or indeed, to a party such as a claimant who would not be deemed as the "holder of such policy." *See, e. g., Eagle Star Insurance Co. v. Deal,* 337 F.Supp. 1264, 1276 (W.D.Ark.1972) (supplemental opinion), *rev'd on other grounds,* 474 F.2d 1216 (8th Cir. 1973); *Curran v. Security Insurance Co.,* 195 F.Supp. 562 (W.D.Ark. 1961); *Trinity Universal Insurance Co. v. Stobaugh, supra,* 395 S.W.2d at 28 (opinion on rehearing); *Huddleston v. Home Life Ins. Co. of New York,* 182 Ark. 1036, 34 S.W.2d 221 (1931). The statute, however, uses the singular term "the holder of the policy" as entitled to "all reasonable attorneys' fees for the defense or prosecution of said suit." In the absence of Arkansas case law supporting the imposition of more than one attorney's fee, we construe the statute literally as authorizing but one attorney's

fee. *See Huddleston v. Home Life Ins. Co. of New York, supra,* 34 S.W.2d at 222. Accordingly, the district court properly awarded those authorized attorneys' fees to Arkansas Mechanical Contractors as the named insured and holder of the policy.

Affirmed.