BOULLIOUN *v.* LITTLE ROCK.

Opinion delivered February 27, 1928.

1. MUNICIPAL CORPORATIONS—REMOVAL OF IMPROVEMENT DISTRICT COMMISSIONERS—SUFFICIENCY OF PETITION.—A petition to remove the commissioners of a street improvement district, which charges them with incompetency, gross negligence, willful disregard of duties, waste of funds and failure to file an annual settlement with vouchers, as required by Crawford & Moses' Dig., § 5718, *held* to state a cause for removal.

2. MUNICIPAL CORPORATIONS—REMOVAL OF IMPROVEMENT DISTRICT COMMISSIONERS.—A city council has authority to remove from office commissioners of a street improvement district.

3. MUNICIPAL CORPORATIONS—REMOVAL OF IMPROVEMENT DISTRICT COMMISSIONERS.—In a proceeding to remove the commissioners of a street improvement district, it was not necessary that the city council should vote or make finding upon each separate charge, but it could decide upon proof of the sufficiency of the proof as a whole.

4. MUNICIPAL CORPORATIONS—REMOVAL OF IMPROVEMENT DISTRICT COMMISSIONERS.—Although certain members of the city council before the hearing in a proceeding for removal of improvement district commissioners had already reported on the district's affairs with findings adverse to the commissioners, such fact did not disqualify them from participating in the hearing and decision.

5. MUNICIPAL CORPORATIONS—REMOVAL OF IMPROVEMENT DISTRICT COMMISSIONERS.—Commissioners of a street improvement district, removed from office by the city council after hearings, *held* not entitled to a trial by all the members of the council, and hence their removal was legal, although certain members were absent from some of the hearings.

6. MUNICIPAL CORPORATIONS—REMOVAL OF IMPROVEMENT DISTRICT COMMISSIONERS.—Although certain members of the city council, in

a proceeding to remove the commissioners of a street improvement district from office were not present at all of the hearings, that did not disqualify them from voting on the final decisions.

7.  MUNICIPAL CORPORATIONS—HEARING OF PETITION FOR REMOVAL OF IMPROVEMENT DISTRICT COMMISSIONERS.—In hearing on petitions for removal of the commissioners of a street improvement district, the city council does not constitute a court, but acts in a *quasi*-judicial capacity only.

8.  MUNICIPAL CORPORATIONS—REVIEW OF ACTION OF CITY COUNCIL.— The action of the city council in removing commissioners of the street improvement district from office is reviewable by the courts on certiorari.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

STATEMENT BY THE COURT.

This appeal is prosecuted from the order and judgment of the circuit court of Pulaski County refusing to quash, on certiorari, the order of the city council removing appellants as commissioners of Street Improvement District No. 349 and its annexes in the city of Little Rock.

It appears that four petitions, preferring charges against the commissioners and asking their removal from office, were filed with the city clerk between the dates of July 20 and September 12, 1927; that the commissioners were duly notified of the charges pending against them on the 14th day September, 1927, and summoned to appear before the council and answer said charges on the night of the 26th of September, 1927, twelve days after the summons.

They appeared in person and by counsel on September 26, 1927, and, after a hearing for several hours, the council adjourned until the night of October 3, 1927, at which time the commissioners were present with their counsel at the hearing, which was adjourned until the night of October 5, 1927, when the commissioners were again present, and the hearing was finally concluded. Sixteen of the eighteen members of the council found the commissioners guilty of the charges preferred, and adopted a resolution and made an order removing them from office.

Herman Heiden, an owner of property in Street Improvement District No. 349 and the Marshall Street Annex thereto, filed a supplementary petition, requesting the removal of the commissioners of the improvement district, adopting and making part of his petition the petitions for removal of the commissioners already filed with the council by S. M. Alley, Joe Ferguson, and others; also the report and petition filed with the council by the committee of which J. A. Craft was chairman, and the report filed with the council by its committee on streets, of which Alderman Gay was chairman, relating to the district and its annexes, with the resolution and petition attached thereto; and, for further cause for removal of the commissioners, stated that they had refused to furnish the accountants selected by the city of Little Rock with information that would enable them to make an audit of the district's affairs. The petition was verified and filed on September 27, 1927.

The sixteen members present, of the whole number of eighteen alderman elected to the council, at the conclusion of the hearing passed a resolution finding the charges sustained, and made an order removing the commissioners. The circuit court, on petition for certiorari, examined the order of the council, and affirmed it, and the appeal here comes from that order.

*Melbourne M. Martin,* for appellant.
*Pat L. Robinson,* for appellee.

KIRBY, J. There is no merit in the contention that the charges or petitions for removal of the board of improvement of the district and its annexes were not sworn to, or the complaint that the members were not duly notified of the filing thereof. The undisputed testimony shows the filing of a verified petition or complaint by Herman Heiden, and the attachment thereto as exhibits of the other petitions and requests of committees, also verified, all specifying charges against the members of the board for incompetency, gross negligence, and willful disregard of their duties, mismanage-

ment, and waste of the funds, and failure to file the annual settlements with vouchers as the law requires.

The testimony also shows that they had more than ten days' notice of the time set for hearing of these petitions by the city council, and that they attended in person and by attorney the meetings of the council throughout the entire hearing, and filed no answer denying any of the charges made and produced no testimony in explanation or in justification of their conduct.

The law requires the boards of improvement in municipal improvement districts to file annual statements or settlements with the clerk of the city or town in which such improvements have been ordered made, showing all collections and money received and paid out, with proper vouchers for all such payments (See § 5718, C. & M. Digest). The undisputed testimony shows that they failed to file such vouchers showing the payments of the money with their settlements, and also that they refused to furnish the auditor, appointed by the city council to examine and audit the accounts of the district, with such vouchers, their attorney saying that they did not have them, and would not produce them for his examination if they could.

The auditor testified that there was a discrepancy or difference in the amount of the expenditures as shown by the annual settlement of the board, and such vouchers and information as he could get from others, and the books and accounts of the contractor, engineer and the bank, and that it was impossible to tell what went with this money, in the state of the accounts, and that he had no assistance from the commissioners in trying to make a correct audit of the affairs of the district and its annexes.

Certainly the cause or grounds alleged for the removal of the members of the board of improvement related specially to and affected the administration of the office, and were all substantial matters directly affecting the rights and interest of the public, and constituted cause for removal within the provisions of the statute,

and the council was acting within its authority in removing them. *Carswell* v. *Hammock,* 127 Ark. 110, 191 S. W. 935.

It was not necessary that the council should vote or make a finding upon each specification or charge made as cause for removal of the commissioners, as contended by appellants. It had the right to consider the proof as a whole and to decide upon its sufficiency as a whole, and was not required to vote upon each or any separate charge without reference to the evidence or proof upon the other charges or specifications, as held in *Carswell* v. *Hammock, supra.* There is nothing shown in this case to warrant the request for overruling that case as a correct statement of the law.

Whatever the reason for the action of these commissioners in the conduct of the affairs of the district and their failure to keep proper accounts of the money collected and paid out by the district, and make annual report or settlements thereof, with the vouchers showing the payments as required by law, the record here justifies the wisdom of such requirement of the law.

Neither do we think there is any merit in appellants' contentions that they were entitled to a trial before all the members of the council, or that they can complain that some of its members who sat in the trial had already made a report to the council upon the affairs of the district, showing they had a fixed opinion about the action of the commissioners upon trial on the charges, amounting to preventing their having a fair trial before an impartial tribunal, and that any member of the council who was not present at each and all the meetings of the council during the hearing of the matter was disqualified to vote upon the final decision.

The council was not a court, and was acting in a *quasi*-judicial capacity only in the hearing of the petition for removal, and its members were not disqualified to act because some of them had already, in an official capacity as members of the committee, investigated the condi-

tions and reported their findings to the council, indicating an opinion adverse to the innocence of the commissioners.

The council is given jurisdiction to remove any member of the board of improvement of an improvement district by a two-thirds vote of the whole number of aldermen elected to the council, and in the hearing it could doubtless have followed its own rules of procedure, and, by a committee of its members appointed, made an investigation of the charges preferred, and recommended a decision or determination of the matter, which, of course, must have been concurred in by a two-thirds vote of the whole number of the aldermen elected.

The fact that one of the sixteen members of the council voting for the removal was absent from the hearing one night, and that another missed two of the meetings, could make no difference nor affect the result, since sixteen of the eighteen aldermen elected to the council concurred in voting for the resolution, the decision, or order for the removal of the commissioners.

The fact that some of the councilmen had already made an adverse finding to the innocence of the commissioners, in an official report to the council made after an investigation of the affairs of the district, out of which the charges grew, did not disqualify them from participating in the hearing and decision of the question, in any event. The law makes no provision for any such condition, and the council's action can be reviewed by the courts on certiorari. *Hale* v. *Bledsoe,* 126 Ark. 125, 189 S. W. 1041; *Carswell* v. *Hammock, supra.*

We find no prejudicial error in the record, and the judgment is affirmed.