MARTIN *v.* COGBILL, COMMISSIONER.

4-8788 218 S. W. 2d 94

Opinion delivered March 14, 1949.

*Rowell, Rowell & Dickey,* for appellant.

*Brockman & Brockman,* for appellee.

FRANK G. SMITH, J. Appellant Martin filed a verified petition with the City Council of Star City, of which city he was a citizen and taxpayer, alleging that J. D. Cogbill should be removed as Commissioner of a Waterworks Improvement District of that city, for malfeasance and misfeasance in office. Cogbill filed an answer denying the allegations of the petition. At the hearing thereon the Council returned a unanimous verdict ordering and directing the removal of Cogbill as Commissioner. The proceeding was reviewed upon a writ of *certiorari* by the circuit court, and the order of removal was quashed, from which order is this appeal.

The charges contained in the petition were:

1. Usurpation of power.

2. Diversion of funds pledged to pay bonds and interest payments to purchase surplus pipe and equipment.

3. Unlawful expenditure of funds for administrative salary and expenses.

4. The entering into of a private oral contract with the Arkansas State Penitentiary for the removal of pipe purchased from the United States.

5. Unlawfully agreeing to give said Penitentiary a certain portion of said pipe for removing same from Rowher to Star City, and subsequently agreeing, in addition thereto, to give the Penitentiary the sum of $1,000 for completing the removal thereof.

6. Pledging the credit of the District for a loan of $4,000 from the Bank of Star City for the purpose of making repairs and improvements within the District

without first preparing plans and specificatons and otherwise complying with the provisions of § 7368 of Pope's Digest.

7. Failing to file annual settlement statement as provided by § 7358 of Pope's Digest.

8. Refusing to notify all the other Commissioners of his actions and obligating the credit of said District without formal action.

In response to the writ a full report of the proceedings before the Council was filed in the Circuit Court, from which record we copy the statements therein contained.

After hearing the testimony the record of the Council recites, "The City Council of Star City, Arkansas, after due deliberation has voted unanimously in favor of the removal of J. D. Cogbill as Commissioner of Waterworks Improvement District No. 3." Upon this vote it was ordered that Cogbill be removed and that he surrender to the Secretary of the District all records pertaining to the affairs of the District.

Proceedings by *certiorari* was the proper method of reviewing this order, and upon the hearing thereof the Circuit Court does not try the case *de novo*, nor does the court substitute its judgment for that of the Council, as the purpose or office of the writ is merely to review for errors of law, one of which may be the legal sufficiency of the testimony to support the action of the Council. *Veteran's Taxicab Co.* v. *Fort Smith*, 213 Ark. 687, 212 S. W. 2d 341.

Authority is conferred by law upon the City Council to remove a Commissioner of a Municipal Improvement District upon a showing sufficient to justify that action. Section 7356, Pope's Digest.

The subject of the Council's right to remove a Commissioner of a Municipal Improvement District was reviewed at length in the recent case of *Williams* v. *Dent*, 207 Ark. 440, 181 S. W. 2d 29, and we there announced the conditions under which the power of removal might be exercised and the finding required to support the

exercise of that power. Among other authorities and texts there cited and quoted from was the following quotation from 43 C. J., § 1085, p. 658, ''And the cause assigned for removal must not be a mere whim or subterfuge, but must be of substance relating to the character, neglect of duty, or fitness of the person removed.'' We there further said, ''One against whom such charges have been preferred—or concerning whom the implication of misconduct arises by reason of the allegation of 'cause'—is entitled to be heard in defense of the specific matter to which an investigation may be directed.''

In the Williams case, *supra,* we said that certain charges were preferred, which if shown to be true, would have justified the removal of the Commissioner, but that he was entitled to be advised as to the specific charge found to be true, to the end that the Commissioner whose removal was asked and was ordered might upon review of the Council's finding, have the fact determined whether (1) The charge preferred constituted cause as defined in the Williams case, and (2) Whether the testimony was legally sufficient to sustain the charge upon which he was ordered removed.

Here the record is entirely silent as to what charges were found to have been sustained, as the Council determined only that Cogbill should be removed without finding or stating upon what ground. He was entitled to this information to the end that he might have the Council's action reviewed on *certiorari.*

The record in this case is a voluminous one and the review of all the testimony would require an opinion of interminable length, but it is certain that all the charges were not sustained and it is doubtful if any of them were. It cannot be known therefore whether Cogbill was removed upon testimony legally sufficient to support a charge constituting cause of removal. At the trial, and in the briefs filed by appellant, there is disclaimed any intention to impute to Cogbill any dishonest or unlawful purpose, or any profit or personal advantage of any kind resulting from any act or omission on his part. Nevertheless the order of the Council in ordering Cogbill's

removal imputes the finding that his presence and continued service on the board is inimical to the public welfare, or that he is unfit to occupy that position. He was entitled therefore to know upon what specific finding he was ordered removed.

It may also be said that testimony was offered as to certain alleged derelictions not specified in the petition to the Council praying Cogbill's removal, and for aught we know from the record before us the Council's action may have been based upon that testimony, and if so that action was unauthorized. See Williams case, *supra*.

There was no finding by the Council upon what charge Cogbill was removed, and the court therefore properly quashed the order of removal and ordered Cogbill's restoration to his place on the Board and that judgment is affirmed.