W. L. FULMER Sr., Loyd Wayne BOWEN
and Orville ADAIR *v.* Gerald HOLCOMB, Mayor
of the City of Booneville, Arkansas

76-362                                                    550 S.W. 2d 442

Opinion delivered May 16, 1977
(Division II)

582

*Warner & Smith,* by: *J. H. Evans,* for appellants.

*C. Richard Lippard,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellants were three of the five commissioners of the Housing Authority of the City of Booneville. Appellee is the mayor of the city. The mayor removed all the commissioners. Appellants filed their petition for certiorari in the Circuit Court of Logan County, seeking review of the proceedings for their removal. Writ of certiorari was granted to bring up the record of the proceedings. Thereafter the writ was denied and the action of the mayor sustained, the court holding that it was with sufficient legal cause and not arbitrary. Appellants' only point for reversal is the assertion that the circuit court erred "for the reason such removal was without legal cause." Although we find evidence of legal cause for removal of the commissioners which might well prevent us from saying that the action of the mayor was arbitrary, we find reversible error in the failure of the trial court to quash the removal of appellants for procedural reasons.

The applicable statute is Ark. Stat. Ann. § 19-3010 (Repl. 1968) which provides that a commissioner of a housing authority created under the provisions of Ark. Stat. Ann. § 19-3001 et seq (Repl. 1968) may be removed by the mayor

for inefficiency or neglect of duty after notice and hearing. The commissioners were charged with having failed to conduct meetings as required by the by-laws of the housing authority; having failed to designate successors as required by Ark. Stat. Ann. § 19-3006 (Repl. 1968); permitting an employee of the housing authority to use a truck for driving between his home and place of private employment and various other places not connected with his duties with the housing authority; permitting the executive director of the authority to sign the name of one of the appellants, Loyd Wayne Bowen, then chairman, to various checks, in violation of the by-laws; and failure to file reports of recommendation annually as required by Ark. Stat. Ann. § 19-3033 (Repl. 1968).

Appellants argue that the case is governed by the definition of cause for removal stated in *Carswell* v. *Hammock,* 127 Ark. 110, 191 S.W. 935. They overlook the fact that the statute there involved only provided that removal be "for cause only" while the statute here specifically provides for removal "for inefficiency or neglect of duty or misconduct in office." In the former statute, cause was not defined. In the statute we are considering it is defined. Still, the principles stated in *Carswell* furnish guidance in this case. Cause was thus defined there:

> " 'Cause,' or 'sufficient cause,' means 'legal cause,' and not any cause which the Council may think sufficient. The cause must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public."

We would agree that a removal for inefficiency and neglect of duty must be for matters relating to and affecting the proper administration of the office and of a substantial nature affecting the rights of the public. Apparently, appellants feel that the public interests must have undergone appreciable damage before there could be a removal under the applicable statute—an attitude of waiting until the horse is stolen before locking the gate. We feel that the statute involved here enables the mayor to remove commissioners when

there is substantial danger to the rights and interests of the public because of inefficiency, neglect or misconduct. The statement on removal for cause in *Williams* v. *Dent,* 207 Ark. 440, 181 S.W. 2d 29, is more appropriate here than that in *Carswell,* although we do not find any conflict. In *Williams,* "for cause" was taken to mean "just cause," and we said that the cause stated must not be a mere whim or subterfuge, but must be of substance relating to the character, neglect of duty or fitness of the person removed.

It is in the light of the language of the statute applicable here and the statements in both *Carswell* and *Williams* that we view the evidence in a case such as this. The scope of our review is defined in *Carswell.* We inspect the record to see whether the mayor had jurisdiction to remove the commissioners; whether he kept within that jurisdiction; whether the charges preferred were sufficient in law; and whether the evidence furnished any legal and sufficient basis for removal. In reviewing the evidence, we do not weigh it and the circuit court hearing was not a trial de novo. The real question for the circuit court was whether the mayor acted arbitrarily and without legally sufficient evidence, i.e., evidence of a substantial nature, to support his action.

The argument that the reappointment of Godfrey and the removal of appellants demonstrated that the mayor's action was arbitrary and capricious is not persuasive. There was evidence that Godfrey had advised the city officials that he would not accept reappointment if the board was to continue to be inactive, but if the board was to be active, he would be glad to serve.

A cursory review of the record discloses that there may well have been sufficient evidence upon which the mayor could have found, without being unreasonable, arbitrary or capricious, that certain of the specified grounds for removal had been sustained as cause for removal under the guidelines provided by the statute and by *Carswell* and *Williams;* however, we feel that there was a failure of proof on at least one of those specifications. Consequently, we must sustain appellants' argument that the order of removal must be quashed. It was in the form of a letter to the commissioners

simply stating that the removal was for cause, without stating the cause. In advancing this argument, appellants rely on *Williams v. Dent,* supra. Even though it might appear that there are factors distinguishing this case from that, it is clear that the opinion in *Williams* has previously been construed in *Martin v. Cogbill,* 214 Ark. 818, 218 S.W. 2d 94 in a manner which renders these factors insignificant. In short, the holding in *Martin* is that an order of removal in cases such as this should be quashed if it does not specify the particular charge or charges upon which the removal is based if there is any doubt about the sufficiency of the evidence to sustain any of the grounds charged.

For this reason, the judgment of the circuit court is reversed and the order of removal of appellants is quashed.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.