Vance MARTIN, et al. *v.* Luke QUINN, et al.
87-210                                    740 S.W.2d 627
Supreme Court of Arkansas
Opinion delivered December 7, 1987
[Rehearing denied January 13, 1988.*]

*Dan J. Kroha*, for appellant.

*Wright, Lindsey & Jennings*, for appellees Luke Quinn, Vail Paschal, and Al Garms.

*Mark Stodola*, City Att'y, by: *Thomas M. Carpenter*, Asst. City Att'y, for appellee City of Little Rock.

DAVID NEWBERN, Justice. This case began when the appellants petitioned the Board of Directors of the City of Little Rock, pursuant to Ark. Stat. Ann. § 20-116 (Repl. 1968), to remove the appellees from their positions as commissioners of Sewer Im-

---

*Glaze, J., not participating.

provement District #142. The city board declined to remove the commissioners, and the appellants sought a writ of certiorari in circuit court to compel removal. The circuit court, after ordering up and reviewing the record, summarily denied the relief sought, and the appeal is from that denial. As the appellants have not shown that the city board's action was arbitrary, capricious, or void, we affirm the circuit court's decision.

The appellants, Vance Martin, Joe P. DeWitt, Mack Porter, Rachel Steinhardt, and Rhea Denison, petitioned to have appellees, Luke Quinn, Vail Paschal, and Al Garms, removed from their positions as commissioners of Sewer Improvement District #142. The allegations were that these commissioners had failed to file financial statements required by law during the first seven years of the district's existence. It was also alleged that Paschal had improperly benefited because his wife had been paid $270 for work done in an annexation campaign undertaken by the district.

The city board appointed a master, Wayne Lee, who was an attorney, to hold a hearing and present the board with legal and factual conclusions and recommendations for action to be taken. The master held an extensive hearing in which evidence was presented that the financial statements were not filed as required. Evidence presented by the appellees was to the effect that they were being advised by counsel whose understanding was that no financial statements would be necessary until the district began receiving payments from assessments, and that upon being told by the city attorney that the financial statements were necessary, they filed them within two days.

The additional evidence with respect to Mr. Quinn was that after a previously appointed coordinator of the annexation campaign failed to perform sufficiently, he inquired whether it would be proper for a member of the real estate firm of which he was a principal, Barnes, Quinn, Flake, and Anderson, to undertake the task. He was told by counsel that it would not be improper as long as he, Quinn, obtained no benefit from the transaction. He testified that he instructed the firm's controller that he was to receive no money paid to the firm by the district.

As to Mrs. Paschal, the evidence was that she was paid the $270 for her help in getting signatures on petitions for the voluntary annexation campaign being waged by the district.

Some evidence showed that it was to reimburse her for her expenses incurred in the effort. The appellants contended this payment should cause the removal of her husband as a commissioner.

The master recommended that the city board not remove the appellees. He concluded that there was no cause to do so, as he found no willful misconduct on their part as commissioners. Although the abstract presented by the appellants does not contain the resolution or other action taken by the city board upon the report of the master, the parties agree that the city board adopted the master's report.

The appellants contend that because there was cause to remove the commissioners it was error for the city board to fail to do so, and it was error for the circuit court not to order the removal pursuant to the requested writ of certiorari.

## 1. Certiorari

Section 20-116 provides that the city board "shall have the power to remove" the commissioners of a municipal improvement district for cause. The appellants present no authority to the effect that the court may substitute its judgment for that of the city board as to whether the "cause" is sufficient for removal.

Certiorari may be the basis for a court's determination that the action of an administrative board is void, *Warren* v. *McRae*, 165 Ark. 436, 264 S.W. 940 (1924); however, there is no such argument made here. Rather, the appellants contend the city board erred "as a matter of law" in concluding that the evidence against the appellees did not demonstrate "sufficient cause" for their removal. They say that because the evidence showed the failure to file the financial reports in a timely manner the city board was required to remove them. No authority for that proposition is presented. The same is true with respect to the other allegations against the commissioners individually.

The appellants cite *Boullioun* v. *City of Little Rock*, 176 Ark. 489, 3 S.W.2d 334 (1928), but that case is one in which we affirmed a holding that removed improvement district commissioners for failure to file financial statements, among other things. Nothing in that case suggests that the city board, in that case or

this one, was *required* to remove the commissioners.

In reviewing the city board's action, the circuit court was not required to conduct a de novo review. The circuit court reviews the record for errors of law and for the legal sufficiency of the evidence to support the action of the board. *Fulmer* v. *Holcomb*, 261 Ark. 580, 550 S.W.2d 442 (1977); *Martin* v. *Cogbill*, 214 Ark. 818, 218 S.W.2d 728 (1949). In *Piggott State Bank* v. *State Banking Board*, 242 Ark. 828, 416 S.W.2d 291 (1967), we dealt with an appeal from a circuit court's refusal to set aside a decision of the State Banking Board upon a petition for certiorari. We said:

> It is not the function of this court, on appeal from a circuit court, to determine where the preponderance of the evidence lies. Decisions in cases appealed from chancery courts, in which our trial is de novo, do not constitute authority on this question. Moreover, certiorari lies only for the purpose of review for errors of law, one of which may be the legal sufficiency of the evidence to sustain the judgment of the tribunal, but a court cannot review merely for errors of judgment or try the matter de novo. *Hall* v. *Bledsoe*, 126 Ark. 125, 189 S.W. 1041 [1916]; *Veteran's Taxicab Co.* v. *City of Ft. Smith*, 213 Ark. 687, 212 S.W.2d 341 [1948]; *McCain* v. *Collins*, 204 Ark. 521, 164 S.W.2d 448 [1942]. It has been said that a board's action will not be set aside on certiorari unless there is an entire absence of substantial evidence, in which case the board action is deemed to be arbitrary. *Bockman* v. *Arkansas State Medical Board*, 229 Ark. 143, 313 S.W.2d 826 [1958]. [242 Ark. at 837, 416 S.W.2d at 297]

■ In *State* v. *Nelson*, 246 Ark. 210, 438 S.W.2d 33 (1969), we pointed out that certiorari ". . . is not available to look beyond the face of the record to ascertain the actual merits of a controversy, to control discretion, to review a finding upon facts or review the exercise of a court's discretionary authority. *Hardin* v. *Norsworthy*, 204 Ark. 943, 165 S.W.2d 609 [1942]; *Arkansas State Highway Commission* v. *Light*, 235 Ark. 808, 363 S.W.2d 134 [1962]; *Hendricks* v. *Parker*, 237 Ark. 656, 375 S.W.2d 811 [1964]."

## 2. *The master's opinion*

■ While it is not directly argued by the appellants, their brief, by innuendo at least, suggests that because the master found at one point that no cause for removal of the appellees had been shown, it was error for the circuit court to refuse the relief requested in view of the fact that there clearly was cause for removal, and the city board merely adopted the master's report. The point to be made here is that no authority has been cited by the appellants which would support their point, and while we might have sustained the court's action had it approved the removal of the commissioners upon the evidence presented here, that hardly requires either the circuit court or this court to substitute its judgment for that of the city board.

Affirmed.

PURTLE, J., dissents.

GLAZE, J., not participating.

JOHN I. PURTLE, Justice, dissenting. The commissioners should have been removed and the majority opinion does not hold to the contrary. The special master, appointed by the city, was in cahoots with the city attorney and returned the recommendation expected of him. The hearings conducted by him and the conclusions he reached were obviously biased.

The law clearly required the three commissioners to make annual accountings of the funds entrusted to them. They did not do this for six years. After being challenged they came up with reports for each year within a matter of a couple of days. If such reports were so easy to come by, one would expect that the commissioners would have presented them in the earlier years. During the time the annual reports were not made the commissioners spent as much as $800,000 in a single year.

One of the commissioners was a member of a firm which received benefits from the district. Contracts with such a firm are no more permissible than if the contracts had been made with an individual commissioner. This commissioner must have winked when he told his secretary not to include any of the income from the district in his salary or bonus. This secretary testified that funds were received from the district but that none of these funds

was used to pay the commissioner's salary or bonus even though his pay remained at the same level of that of his associates in the firm. If he didn't receive the money, some other member did. Likewise the wife of another commissioner received reimbursement for expenses. If she had not received the reimbursement, either she or the commissioner would have been out the money. Any way you look at it, the commissioners' actions appear improper and unethical, if not illegal.

The majority opinion makes it clear that this court would have affirmed the action of the city board of directors had it removed these commissioners from office. This action was taken in *Boullioun* v. *City of Little Rock*, 176 Ark. 489, 3 S.W.2d 334 (1928), and this court affirmed the action removing the commissioners from office. I would give the board of directors another opportunity to consider the matter now that the facts are known. It is true that the removal of such officers is within the discretion of the city board of directors. However, if the facts as developed in the hearing before the circuit court had been known to the board, I am confident that the directors would have removed the commissioners. I would like to add that there is no evidence that Commissioner Garms acted with any impropriety except for the failure of the commission as a whole to make proper financial reports as required by law.

I would remand the case to the board of directors for reconsideration of the matter of the removal of the commissioners of this district after review of all pertinent facts and law.