Jean HYDE, et al. *v.* Luke QUINN, et al.

89-117 769 S.W.2d 24

Supreme Court of Arkansas
Opinion delivered May 8, 1989

*Dan J. Kroha*, for appellants.

*Wright, Lindsey & Jennings*, for appellees.

DARRELL HICKMAN, Justice. This is the third appeal involving a suit by taxpayers of Sewer Improvement District #142. In *Martin v. Quinn*, 294 Ark. 60, 740 S.W.2d 627 (1987), we affirmed the Little Rock Board of Directors' refusal to remove the district's commissioners from office. In *Henderson Methodist Church v. Sewer Improvement Dist. No. 142*, 294 Ark. 188, 741 S.W.2d 272 (1987), taxpayers alleged fraud was committed by the commissioners in assessing property within the district.

In this lawsuit, filed October 16, 1987, taxpayers seek to recover money they claim was wrongfully expended by the commissioners in 1980. The trial court decided their claim was barred by the statute of limitations, but we affirm on the basis of the *res judicata* and collateral estoppel doctrines.

■ We disagree with the finding that the statute of limitations had run. The commissioners failed to file a report of their 1980 expenditures until October 17, 1984, even though they were required by law to file such reports annually. *See* Ark. Code Ann.

§ 14-89-1402 (1987). It was decided in the *Martin* case that the commissioners' failure to disclose their activities was not purposely deceitful. But this breach of a legal duty may be interpreted as constructive fraud. See *Davis* v. *Davis*, 291 Ark. 473, 725 S.W.2d 845 (1987). Therefore, the statute of limitations should have been tolled between the date of the expenditures and the time the report was filed.

 Although a trial court announces the wrong reason for its ruling, we will sustain the judgment if it is correct. *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984). The issues presented in this case were raised or could have been raised in the first and second lawsuits. The taxpayers claim that two contracts made by the district should be declared void because commissioners Quinn and Paschal were directly or indirectly interested in the contracts. One of the central issues in the *Martin* case was whether the Board of Directors erred in finding that neither of the commissioners was interested in these same contracts. Since that issue has already been litigated and was essential to the judgment in *Martin*, the doctrine of collateral estoppel prevents the taxpayers from raising it again. See *Smith* v. *Roane*, 284 Ark. 568, 683 S.W.2d 935 (1985).

The taxpayers could have litigated the issue in the *Henderson Methodist Church* case. In the complaint in that case, the taxpayers made the following claim:

> [T]he Commissioners fraudulently paid money either to themselves or to persons or corporations closely associated with themselves, in violation of their oath of office.

██ The issue was not actually litigated in that case, but it could have been. Therefore, *res judicata* also precludes the taxpayers from raising this claim. *See Swofford* v. *Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988).

Affirmed.

GLAZE, J., not participating.